IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GEISINGER HEALTH, GEISINGER HEALTH SYSTEM FOUNDATION, and GEISINGER WYOMING VALLEY MEDICAL CENTER,<br><br>Defendants. | CIVIL ACTION NO. 21-4294-KSM |

CONSENT DECREE

The United States Equal Employment Opportunity Commission ("the EEOC" or "the Commission") initiated this action in September 2021, and filed an Amended Complaint in January 2023, in compliance with the Court's orders dated October 17, 2022 (ECF Nos. 38, 39, and 40). Resulting from the Court's order dated March 27, 2025 (ECF Nos. 67 and 68) which dismissed the EEOC's claims against some Geisinger entities, this action now proceeds against Geisinger Health, Geisinger Health System Foundation (d/b/a Geisinger Health System), and Geisinger Wyoming Valley Medical Center. These Geisinger entities filed an Answer on April 11, 2025, denying the allegations in the Amended Complaint. The EEOC and those remaining Geisinger Defendants (the "Parties") have agreed to resolve this action by entry of this Consent Decree.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.  The Court finds that it has jurisdiction over the subject matter of this action and the Parties for purposes of the action, entry of the Consent Decree, and all proceedings related to the

Decree. The Court further finds that entry of the Consent Decree is in the best interests of the parties, the individuals for whom the EEOC seeks relief in the Decree, and the public.

2. Entry of this Consent Decree constitutes full discharge and satisfaction of all claims that were alleged in the EEOC's Amended Complaint

3. Nothing in this Decree is, nor should be construed as, an admission of wrongdoing or liability by Defendants either in this action or in any other proceeding.

4. The Parties shall bear their own attorneys' fees and costs incurred in connection with this action.

5. This Court shall retain jurisdiction for the duration of the Decree to enforce its terms and will have all available powers to enforce this Decree, including, but not limited to, monetary sanctions and injunctive relief.

6. This Decree shall become effective on the date the Clerk enters the Decree in the Docket (the "Effective Date") and shall be in effect until two (2) years after the Effective Date.

7. Defendants are enjoined and restrained from engaging in any conduct or employment practice that discriminates against any person on the basis of disability, including in providing reassignment, leave, and/or making exceptions or modifications to their policies as an accommodation, in violation of the ADA.

8. Defendants are enjoined and restrained from engaging in any conduct or employment practice that discriminates against any person because they have engaged in protected activity under the ADA, and from otherwise violating the ADA's anti-retaliation and/or interference provisions, including labeling employees as being on "lit hold" status in their internal database and otherwise identifying persons as "lit holds" because they engaged in protected activity.

9. Defendants shall ensure that all of their employment policies, practices, and procedures comply with federal anti-discrimination laws and the terms of this Decree; shall provide notice of any new or revised policies, practices, and procedures made as a result of this Consent Decree to all employees within thirty (30) days after the Effective Date of this Decree; and they shall provide notice of such policies, practices, and procedures to each subsequently hired employee. Defendants shall not require, instruct, or request that any entity affiliated with Defendants adopt, maintain, implement, publish, or distribute any policy, procedure, or process that conflicts with the terms of this Decree.

10. Defendants shall not prohibit reassignment without competition as a form of accommodation provided under the ADA for disabled employees. Defendants acknowledge that providing reassignment without competition may constitute a reasonable accommodation under the ADA. If a disabled employee requests reassignment as a form of accommodation or Defendants otherwise are aware of the need for such an accommodation, Defendants shall engage in an interactive process with the employee, including by providing information about vacant positions, assisting in identifying vacant positions for which the employee may be qualified, and otherwise providing and exchanging information to facilitate an accommodation. Defendants shall not deny or refuse to make reasonable accommodations for a qualified employee with a disability unless the accommodation would impose an undue hardship as defined by the ADA and its implementing regulations.

## MONETARY RELIEF

11. In accordance with this Decree, and in full settlement of all monetary claims asserted by the EEOC, Defendants agree to pay the total amount of $450,000.00 ("Monetary Relief"), representing backpay and statutory damages, to resolve the claims that EEOC filed in

this action.  From the Monetary Relief, payments shall be made to Rosemary Casterline, Jodi Britton, Christina Carpenter, Kellie Flaim, Michelle Glynn, and Marceline Ngassa. The EEOC shall have sole discretion to determine what amounts shall be paid to Casterline, Britton, Carpenter, Flaim, Glynn, and Ngassa and to designate what portion of the payments represent backpay and/or statutory damages.  Within ten (10) days of the Effective Date, the EEOC shall notify Defendants what amounts it shall pay to Casterline, Britton, Carpenter, Flaim, Glynn, and Ngassa; explain how such payments shall be designated; and provide Defendants with each person's current addresses and any necessary tax forms.  Defendants shall issue the payments no later than thirty (30) days after such notice.

12. Defendants shall issue to each person receiving payment pursuant to Paragraph 11 an IRS Form W-2 for any amounts designated as backpay and an IRS Form 1099 for any amounts designated as statutory damages.  Defendants shall be responsible for all applicable withholding and payroll taxes, consistent with this Decree and applicable regulation and law.  Defendants shall issue all IRS Forms and shall send them directly to each person identified in Paragraph 11 no later than January 31, 2027, using an address for each person provided by EEOC and in a method and manner identified by the Commission.

13. Copies of the checks and related correspondence will be emailed to the EEOC counsel of record Trial Attorney Jessi Isenhart.

COMPLIANCE WITH SECTION 162(f) OF THE INTERNAL REVENUE CODE

14. For the purpose of compliance with Section 162(f) of the Internal Revenue Code (26 U.S.C. § 162(f)), if applicable: Cindy Sheridan should receive the copy of IRS Form 1098-F on behalf of all Defendants if the EEOC is required to issue one, and the Form will be sent to the following physical address: 100 North Academy Avenue, Danville, PA 17822.

15. The EEOC has made no representations regarding whether the amount paid pursuant to this Decree qualifies for the deduction under the Internal Revenue Code, nor does this Decree address such qualification.

16. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

17. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

18. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## REPORTING AND MONITORING

19. On a semi-annual basis beginning six months from the date the Court signs the Decree, Defendants shall:

    a. Prepare and submit to the EEOC a report in MS Excel format that identifies every employee separated from employment during the six (6) month period immediately preceding the report who: (i) took leave for their own health condition and exhausted all job protected leave; (ii) was released to return to work; and (iii) was separated from employment within ninety (90) days of being released to return to work. For each employee included in the report, the report shall include the following information: (i) all last known contact information; (ii) date of hire; (iii) each position held and the dates such position was held; (iv) the types of medical leave (e.g., FMLA leave, non-FMLA medical leave, and/or extended medical leave) taken until exhaustion of automatic job-protection pursuant to Defendants' policies and separation from employment and the beginning and ending dates of each such leave type; (v) the date of exhaustion

of all leave with automatic job-protection; (vi) the beginning and ending dates of any period of additional job-protection provided to the employee following exhaustion of automatic job-protection; (vii) the beginning and ending dates of any period of leave that was not job-protected; (vii) the date of separation from employment; and (viii) the reason for separation from employment.

          b.       Prepare and submit to the EEOC a report in MS Excel format that identifies each known charge or complaint made via Defendants' hotline, to Defendants' human resources personnel, or in writing to Defendants' supervisory personnel made by any employee or applicant during the six (6) months immediately preceding the report and alleging that Defendants failed to provide reassignment.  For each charge or complaint included in the report, the report shall, to the extent known, include the following information: (i) most recent contact information obtained by Defendants of the person who made the charge or complaint; (ii) most recent contact information obtained by Defendants of the person whom the charge or complaint alleges was not provided an accommodation; (iii) complete details of the allegations that were made; (iv) a detailed description of all actions taken in response and any conclusions; and (v) why an accommodation was denied, if any.

20.       For the duration of this Decree, Defendants shall retain all personnel documents and data relating to each person included in a report required pursuant to paragraph 19 of this Decree.  The EEOC may request such documents from Defendants regarding persons identified in paragraph 19, and Defendants will produce such documents to the EEOC within 30 business days of such request.

21.       All records, reports, and notifications required to be created or maintained under this Decree and submitted to the EEOC shall be sent by electronic mail, and by hard copies if

requested, to Jessi Isenhart, Trial Attorney, jessi.isenhart@eeoc.gov, U.S. Equal Employment Opportunity Commission, Cleveland Field Office, 1240 East 9th Street, Suite 3001, Cleveland, Ohio 44199.

## TRAINING

22.     Defendants shall provide to Defendants' non-supervisory employees not less than one (1) hour of training regarding discrimination made unlawful by the ADA, with special emphasis on disability discrimination, Defendants' accommodation process, federal prohibitions on retaliation, and the penalties for engaging in prohibited conduct.  All training required under this Decree may be delivered in either an in-person setting or through virtual means, including but not limited to webinars, video conferencing, or other remote communication platforms. The method of training shall be determined at the discretion of the provider, based on logistical considerations and effectiveness. This training and/or access to a recording of this training shall be provided within six (6) months of the Effective Date of this Decree and annually thereafter for the duration of this Decree.

23.     Defendants shall provide to all supervisory, management, recruiting, and human resources personnel not less than two (2) hours of training on the ADA's provisions prohibiting discrimination, retaliation, and interference, with special emphasis on disability discrimination and reasonable accommodations, including but not limited to leave and non-competitive reassignment, and the interactive process; Defendants' policies prohibiting discrimination, retaliation, and interference; protections against retaliation for reporting concerns about potential discrimination; and related topics. All training required under this Decree may be delivered live either in an in-person setting or through virtual means, including but not limited to webinars, video conferencing, or other remote communication platforms. The method of training shall be determined at the

discretion of the provider, based on logistical considerations and effectiveness. This training shall be provided within six (6) months of the Effective Date of this Decree and annually thereafter until the Expiration Date of this Decree. If there are supervisory, management, recruiting, and human resources personnel who are unable to attend the live training, Defendants will instruct those absent to view a recording of the training within thirty (30) days.

24. All training described above shall be conducted by individuals with established experience regarding the ADA and whom Defendants shall retain at Defendants' own expense.

25. No later than ten (10) days after each training session described above, Defendants shall provide certification to the EEOC that the training was provided.

## POSTING

26. Within twenty (20) business days of the date the Court signs this Decree, Defendants shall post copies of the Notice, attached hereto as Exhibit A, in a conspicuous location at all facilities covered by this Decree and at all places where employee notices are posted for those locations, including on any online employee portal or intranet, if applicable. The Notice shall remain posted for the duration of the Decree. Each Notice shall be typed legibly using font size 12 Times New Roman. If multiple pages are used for the Notice, they shall not be displayed one page behind the another but must be posted so that all pages are in order and simultaneously visible (i.e., in horizonal row or vertical column configuration). In addition, Defendants shall post notice of all applicable federal equal employment opportunity laws as required by law. In the event that any of the aforementioned notices becomes knowingly defaced, marred, or otherwise made unreadable, Defendants shall immediately post a readable copy thereof.

27. Within ten (10) business days of posting the Notices, Defendants shall send EEOC a copy of the signed Notice, written certification that it has been posted, and a description of where the Notices are posted.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

28. Upon motion of any party, this Court may schedule a hearing for the purpose of reviewing compliance with this Decree.

29. Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Eastern District of Pennsylvania.

30. The terms of this Decree shall be binding upon all present and future parent corporations of Defendants; all present and future subsidiaries of Defendants; all present and future owners, members, directors, officers, managers, agents, administrators, representatives, successors, assigns of Defendants, and all persons acting in concert with them or on their behalf. Defendants, and any successor(s), shall provide a copy of this Decree and the Amended Complaint to any organization or person that proposes to acquire or merge with Defendants during the term of this Consent Decree; or any successor of Defendants, prior to the effectiveness of any such acquisition or merger during the term of this Consent Decree. This Paragraph shall not limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

31. This Decree constitutes the entire agreement and commitments of the Parties. Any modifications to this agreement must be mutually agreed upon and memorialized in a separate writing signed by Defendants and the EEOC and approved by the Court.

32. If any provision(s) of this Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

33.  With respect to matters outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission regarding any matter whatsoever.

34.  Each party shall be responsible for and shall pay its own costs and attorney's fees.

**IT IS AGREED:**

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | GEISINGER HEALTH, GEISINGER HEALTH SYSTEM FOUNDATION (DBA GEISINGER HEALTH SYSTEM), AND GEISINGER WYOMING VALLEY MEDICAL CENTER |
| Catherine L. Eschbach<br>Acting General Counsel<br><br>Christopher Lage<br>Deputy General Counsel | *Cindy A. Sheridan*<br>Geisinger Health, Geisinger Health System Foundation (d/b/a Geisinger Health System), and Geisinger Wyoming Valley Medical Center Defendants<br>By: Cindy Sheridan, Esq., Associate Chief Legal Officer – Litigation Services |
| Gwendolyn Young Reams<br>Associate General Counsel<br><br>Philadelphia District Office<br>801 Market Street, Suite 1000<br>Philadelphia, PA 19107-3126 | */s/ Anthony (T.J.) Andrisano*<br>BUCHANAN INGERSOLL & ROONEY PC<br>Anthony (T.J.) Andrisano<br>Alyssa K. Stouder, Esq.<br>409 N. Second Street, Suite 500<br>Harrisburg, PA 17101 |
| /s/ Debra M. Lawrence<br>Debra M. Lawrence<br>Regional Attorney | Melissa Murphy Weber<br>BUCHANAN INGERSOLL & ROONEY PC<br>Two Liberty Place<br>50 S. 16th Street, Suite 3200<br>Philadelphia, PA 19102-2555 |
| /s/ Kate Northrup<br>Kate Northrup<br>Assistant Regional Attorney | |
| */s/ Sabrina L. Brown*<br>Sabrina L. Brown, Trial Attorney | |
| */s/ Jessi Isenhart*<br>Jessi Isenhart, Trial Attorney | |

**IT IS SO ORDERED:**

DATED: 2/17/2026

/s/ Karen Spencer Marston
KAREN SPENCER MARSTON, J.

## EXHIBIT A - NOTICE TO ALL EMPLOYEES

This Notice is posted pursuant to a Consent Decree in the matter of EEOC v. Geisinger Health, et al., Civil Action No. 2:21-cv-04294, resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC"), an agency of the United States Government, against Geisinger Health, Geisinger Health System Foundation d/b/a Geisinger Health System, and Geisinger Wyoming Valley Medical Center ("Geisinger") alleging violations of the Americans with Disabilities Act of 1990, as amended ("ADA").  Geisinger denied these allegations. This Notice must remain posted for two (2) years from the date shown below.

To resolve the lawsuit, Geisinger and the EEOC mutually agreed to enter into a Consent Decree without admitting fault or liability. The Consent Decree provides, among other things, that Geisinger will ensure that its employment policies, practices, and procedures comply with federal anti-discrimination laws and that the EEOC will monitor compliance with the terms of the Consent Decree.

Geisinger is fully committed to maintaining a workplace in which all applicants and employees are free from illegal discrimination, including discrimination based on disability. Geisinger shall comply with federal anti-discrimination laws, including by providing reasonable accommodations to persons with disabilities, as defined by the ADA, unless doing so would impose an undue hardship as defined by the ADA and its implementing regulations. Reasonable accommodations may, depending on the individual circumstances, include, but are not limited to, providing reassignment without competition; exceptions or modifications to Geisinger's established policies, procedures, or requirements; and job-protected leave beyond that provided by the Family and Medical Leave Act (FMLA) or established leave programs. Geisinger employees seeking reasonable accommodation should contact their supervisor, manager, or Human Resources.

The EEOC enforces the federal laws against discrimination in employment because of disability, sex, race, color, religion, national origin, age, or genetic information.  If you believe you have been discriminated against, or retaliated against for opposing or reporting discrimination, you have the right under federal law to contact EEOC and report that discrimination or retaliation. You may reach the EEOC at www.eeoc.gov, (800) 669-4000, (800) 669-6820 (TTY), or (844) 234-5122 (ASL Video Phone).  The EEOC is a federal law enforcement agency and charges no fees to receive, investigate, or litigate discrimination complaints.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

_____                                _____
**Date Posted**                                                              **Brion Lieberman**
                                                                                      **Chief Human Resources Officer**
                                                                                      **Geisinger**